ATTACHMENT C – INJURIES

Plaintiffs suffered loss of liberty, emotional distress, humiliation, and mental anguish as a result of Defendants' actions.

Plaintiffs also suffered collateral and ongoing damages, including disruption of housing, personal stability, and emotional well-being.

Further details will be established through discovery.

## ATTACHMENT B

## STATEMENT OF CLAIM (FACTUAL ALLEGATIONS)

1. Plaintiff Sophie Musser lawfully rented and occupied a hotel room at the Holiday Inn in Summit County, Utah. A hotel room constitutes a private dwelling for purposes of the Fourth Amendment.

2. Plaintiff Jesse Jay Lankford was a lawful guest in Sophie Musser's hotel room with her permission.

3. The offense for which Jesse Lankford was later arrested was alleged to have occurred on August 25. On that date, Sophie Musser was with Jesse Lankford throughout the day and can attest that he did not burglarize any residence or property.

4. On August 28 at approximately 10:20 p.m., deputies of the Summit County Sheriff's Office arrived at Sophie Musser's hotel room seeking Brian Bilyk, whom deputies believed to be associated with the room and for whom they believed there was an outstanding bench warrant.

5. Deputies' presence at the room was based on information from a hotel clerk identifying Brian Bilyk as staying in Sophie Musser's room.

6. Deputies did not have a search warrant or arrest warrant for Sophie Musser or Jesse Lankford. Deputies obtained a key from the hotel clerk in an attempt to access the room.

7. The clerk-provided key failed because the room was dead-bolted from the inside, demonstrating the occupants' expectation of privacy.

8. Deputies acknowledged on camera that they did not have a warrant and did not identify exigent circumstances. Sophie Musser and Jesse Lankford did not consent to entry.

9. Deputies asked whether Brian Bilyk was inside the room. Jesse Lankford informed deputies that Brian Bilyk had already left. Deputies acknowledged that Brian Bilyk had departed prior to their arrival.

10. After confirming that Brian Bilyk was no longer present, deputies declared Jesse Jay Lankford under arrest through the closed hotel room door, asserting identification by voice alone.

11. Jesse Lankford asserted his constitutional rights and denied unlawful entry. To prevent escalation and for the safety of all involved, Jesse Lankford surrendered under duress and exited the room.

12. The warrantless attempt to access and effect an arrest at Sophie Musser's hotel room violated Sophie Musser's Fourth Amendment right to be free from unreasonable governmental intrusion into her private dwelling.

13. Jesse Lankford was taken into custody and booked into the Summit County Jail. Officers confirmed Jesse Lankford possessed no identification, no weapons, and no contraband.

14. The following day, Jesse Lankford was interviewed by a detective. During this post-arrest interview, the detective stated that an additional burglary charge was being added. The interview did not present new evidence establishing unlawful entry, intent, or other elements of burglary.

15. Officers stated on camera that probable cause documentation would be written and that detectives would continue the investigation. Officers also acknowledged that another suspect remained outstanding.

16. Approximately one hour after the interview, Jesse Lankford was informed that he was being held without bail.

17. Jesse Lankford remained incarcerated from August 28 until September 3, a period of approximately six days.

18. During Jesse Lankford's detention, no additional inculpatory evidence was developed. The only evidence later produced in discovery involving Jesse Lankford was a single photograph of him leaving a Walmart.

19. Jesse Lankford submitted a public records request for an alleged BOLO referenced by law enforcement. Summit County confirmed that no such BOLO exists.

20. On September 3 at approximately 3:00 p.m., Jesse Lankford was released on a Notice to Appear, without bond conditions and without charges having been filed.

21. The charges were later dismissed on the scheduled court date.

22. On September 23, Jesse Lankford served Summit County with a Notice of Claim.

23. On September 24, charges were filed and evidence was entered on the docket for the first time following the Notice of Claim.

24. The warrantless intrusion into Sophie Musser's hotel room, the arrest of Jesse Lankford without fully formed probable cause, and the prolonged detention without charges or evidentiary development violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

ATTACHMENT D – RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

1. Declare that Defendants' actions violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution;

2. Award compensatory damages in an amount to be determined at trial;

3. Award punitive damages against individual defendants where permitted by law;

4. Award costs of suit and any other relief the Court deems just and proper.

ATTACHMENT A – DEFENDANTS

1. Summit County, Utah.

2. Summit County Sheriff's Office.

3. John Doe Deputies 1–10, Summit County Sheriff's Office, sued in their individual capacities.

The identities of the John Doe defendants are presently unknown and will be substituted when discovered through investigation and discovery.